UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-                           **MEMORANDUM OF DECISION AND ORDER**

LONNIE LAKE,                            01-CR-641 (ADS)

                      Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, New York 11722
    By: Grace M. Cucchissi, Assistant United States Attorney


**LAW OFFICE OF PETER J. TOMAO**
Attorney for Defendant Lonnie Lake
226 Seventh Street, Suite 302
Garden City, NY 11530
    By: Peter J. Tomao, Esq., Of Counsel

**SPATT, District Judge**.

On March 17, 2003 Defendant Lonnie Lake ("Lake") pled guilty to five counts of conspiring to distribute and possess with intent to distribute 16,500 grams of marijuana, 26,000 grams of powder cocaine and 1,600 grams of crack cocaine. On August 10, 2003, this Court sentenced Lake to a 252-month term of incarceration and a five-year term of supervised release. Lake now contends that the Court should reduce his sentence to the mandatory minimum

1

sentence of 240 months pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, Lake's motion is granted.

## I. BACKGROUND

Lake was charged with participation in a narcotics trafficking conspiracy that he operated from several locations in Long Beach, New York. On the eve of trial, Lake pled guilty to conspiring to possess and distribute marijuana, powder cocaine, and crack cocaine. After a Fatico hearing, the Court determined, based upon the quantity of drugs involved in his offenses, that Lake had a Base Offense Level of 38. The Court further determined that a two-level reduction for acceptance of responsibility was warranted. However, the Court also found that a two-level enhancement was in order because the Government established that authorities found a loaded firearm under Lake's mattress while executing a search warrant. Accordingly, the Court set Lake's Total Offense Level at 38.

Given Lake's Criminal History Category of III, the Court found that the resulting Guidelines sentencing range was 292-365 months, with a mandatory minimum of 240 months. Nevertheless, the Court sentenced Lake to a non-Guidelines sentence of 252 months. In doing so, the Court noted that Lake's family had remained supportive and made a strong showing during his sentencing. The Court also took into consideration the fact that Lake's post-arrest rehabilitation included the successful completion of a drug and alcohol treatment program while incarcerated. In sentencing Lake, the Court did not take into account the then-existing disparity between the Guidelines' treatment of crack and powder cocaine offenses.

Citing this disparity, the United States Sentencing Commission ("the Sentencing Commission") issued an amendment to the Guidelines ("Amendment 706") that reduced by two levels the base offense levels applicable to crack cocaine offenses. See U.S.S.G. § 2D1.1 (2007);

Amendments to the Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (2007). On December 11, 2007, the Sentencing Commission voted to apply the amendment retroactively to crack offenses, effective March 3, 2008. Relying upon Amendment 706, Lake now seeks a reduction in his sentence.

The parties agree that, in light of Amendment 706, Lake's new Total Offense Level is 36. The parties also acknowledge that his revised Guidelines range is now 235-293 months, with a mandatory minimum of 240 months imprisonment. The Government recognizes that Lake is eligible for a sentence reduction, but contends that a reduction is not warranted because he has already received a non-Guidelines sentence.

## II. DISCUSSION

It is well-established that "[a] district court may not generally modify a term of imprisonment once it has been imposed." Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). However, a district court may modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In the wake of Amendment 706 "district courts now have jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) to decide . . . whether to modify previously-imposed sentences where the cocaine ranges on which they were based have subsequently been lowered." United States v. Regalado, 518 F.3d 143, 150-51 (2d Cir. 2008). A district court "may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The relevant policy statement, U.S.S.G. § 1B1.10(b)(2)(B), advises that reductions in sentences for defendants whose original term of imprisonment constituted a non-guideline

3

sentence are generally not appropriate. Here, because Lake was originally given a non-Guidelines sentence of 252 months, U.S.S.G. § 1B1.10(b)(2)(B) counsels against reducing his sentence. However, this policy statement does leave open the possibility that a defendant who originally received a non-Guidelines sentence could still be eligible for a sentence reduction under certain circumstances. Unfortunately, district courts have no guidance on "when an exception should be made to the rule that a further reduction is 'generally' not appropriate." United States v. Monroe, No. 05-CR-1042, 2009 WL 1448959, at *1 n.4 (S.D.N.Y. May 8, 2009). Nevertheless, based on a review of the pertinent factors under 18 U.S.C. § 3553(a), the Court finds that a reduction is appropriate in this case.

After reviewing the 3553(a) factors, the Court originally sentenced Lake to a non-Guidelines sentence of 252 months because it was impressed by the support from his family and his progress in a drug and alcohol treatment program. Lake now contends that he deserves a further reduction because, during his incarceration, he has continued to treat his drug addiction and has earned certificates from various drug treatment programs. The Court agrees.

The Court's discretion in this sentencing is limited by the fact that Lake faces a mandatory minimum of 240 months. However, had the revised Guideline range of 235-293 months been in place when Lake was originally sentenced, the Court would have sentenced Lake to the mandatory minimum. Now that the Guidelines have been retroactively amended to account for the disparity in sentences for crack cocaine offenses, the Court concludes that Lake's sentence should be reduced to 240 months. The Court finds this result to be particularly appropriate in light of Lake's continued efforts at rehabilitation.

### III. CONCLUSION

For the reasons stated above, the Court reduces Lake's sentence from 252 months to 240

months.

**SO ORDERED.**

Dated: Central Islip, New York
December 11, 2009

                              */s/ Arthur D. Spatt*
                              ARTHUR D. SPATT
                            United States District Judge